[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant, Cheryl A. Bartenberger, appeals the divorce decree entered by the Hamilton County Court of Common Pleas, Domestic Relations Division. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} Mrs. Bartenberger and defendant-appellee, Roland E. Bartenberger, were married in 1976. In 1999, Mrs. Bartenberger filed a complaint for divorce. A trial was conducted before a magistrate, and after a hearing on objections, the trial court entered a final divorce decree on November 26, 2002.
 {¶ 4} In her first assignment of error, Mrs. Bartenberger now argues that the trial court abused its discretion in determining the amount of spousal support. In determining spousal support, the domestic relations court must consider the factors enumerated in R.C. 3105.18(C)(1). The decision of the trial court will not be reversed absent an abuse of discretion.[1] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[2]
 {¶ 5} Here, Mrs. Bartenberger concedes that the trial court correctly applied the statutory factors, but she argues that the court erred in determining Mr. Bartenberger's income to be only $87,000 per year. We find no error. Although the evidence indicated that Mr. Bartenberger had earned more in the past, he presented evidence that $87,000 was his current salary and that his earning potential had decreased because of his age. The court did not abuse its discretion in believing that evidence, and the first assignment of error is overruled.
 {¶ 6} In her second assignment of error, Mrs. Bartenberger argues that the trial court abused its discretion in determining the amount of, and the effective date of, child support for the couple's disabled adult son. Mrs. Bartenberger first argues that the court erred in determining Mr. Bartenberger's income to be $87,000 per year, but we have already rejected that argument.
 {¶ 7} She next argues that the court erred in making the support obligation retroactive to August 1, 2000, rather than to April 7, 1999, which was the date she was granted custody of their son. A trial court has broad discretion in determining whether and to what date to make a child-support order retroactive.[3] Here, the trial court made the order retroactive to the approximate date upon which Mr. Bartenberger had returned to work after a lengthy period of unemployment. We cannot say that its decision to choose that date was unreasonable, arbitrary, or unconscionable, and we overrule the second assignment of error.
 {¶ 8} In her third assignment of error, Mrs. Bartenberger argues that the trial court abused its discretion in reducing the amount of spousal support that Mr. Bartenberger was obligated to pay while he was unemployed. She argues that his unemployment was voluntary and that he was not entitled to a reduction. We find no abuse of discretion. Mr. Bartenberger testified that he had been fired from his previous job and that, despite his best efforts, he was unable to find new employment until August 2000. It was within the trial court's discretion to believe that testimony, and we accordingly overrule the third assignment of error.
 {¶ 9} In her fourth assignment of error, Mrs. Bartenberger argues that the trial court erred in refusing to award her attorney fees and costs. Pursuant to R.C. 3105.18(H), an award of attorney fees is appropriate only where the court finds that the person from whom fees are sought has the ability to pay the fees and that "either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if [the court] does not award reasonable attorney's fees." In the case at bar, Mrs. Bartenberger has not cited any evidence demonstrating that either of the statutory factors was present, and our review of the record indicates that the trial court did not abuse its discretion in denying attorney fees and costs.[4]
 {¶ 10} In her fifth and final assignment of error, Mrs. Bartenberger argues that the trial court erred in holding February 18, 1999, to be the termination date of the marriage. The trial court has broad discretion in determining the date that a marriage terminated, and its decision will not be reversed absent an abuse of discretion.[5]
Here, there was evidence that the couple ceased sharing a household in February 1999, and we find no abuse of discretion in the trial court's decision. The fifth assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] See Doan v. Doan (Aug. 5, 1997), 1st Dist. No. C-960932.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[3] Lassiter v. Lassiter, 1st Dist. No. C-010309, 2002-Ohio-3136, at ¶ 7, jurisdictional motion overruled, 97 Ohio St.3d 1421,2002-Ohio-5820, 777 N.E.2d 276.
[4] See Novick v. Novick, 1st Dist. Nos. C-010172 and C-010193, 2001-Ohio-4028.
[5] Raphael v. Raphael (Nov. 19, 1999), 1st Dist. No. C-980696.